IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FRANKLIN ROBERT ELKINS, §
   Petitioner, §
  §
v. §  Civil Action No. 4:17-CV-185-O
  §
LORIE DAVIS, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
   Respondent. §

## OPINION AND ORDER

  Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Franklin Robert Elkins, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

## I. BACKGROUND

  Petitioner is serving a 30-year sentence in TDCJ on his 2004 conviction in Tarrant County, Texas, Case No. 0842389D, for intoxication manslaughter. SHR01[1] 11, ECF No. Resp't's App. 26, ECF No. 7. By this action, Petitioner claims that TDCJ's failure to classify him to "SII/outside trusty status" has resulted in his improper exclusion from rehabilitation programs in violation of due process. Pet. 6, ECF No. 1; SHR04 30, ECF No. 10-13. Petitioner apparently sought such designation so as to participate in rehabilitative programs in pursuit of a favorable parole review. *Id.*

---

[1]"SHR01" refers to the record of Petitioner's state habeas proceeding in WR-66,320-01; "SHR04" refers to the record of his state habeas proceeding in WR-66,320-04.

1

Petitioner has exhausted his administrative and state court remedies.

## II. DISCUSSION

A state prisoner seeking federal habeas relief pursuant to § 2254 must assert a violation of a federal constitutional right to be entitled to relief. *See Lowery v. Collins,* 988 F.2d 1364, 1367 (5th Cir. 1993). It is well settled that an inmate has no constitutionally protected right sufficient to invoke due process to a particular inmate classification or to participate in rehabilitative programs. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Richardson v. Joslin*, 501 F.3d 415, 419 (5th Cir. 2007); *Neals v. Norwood,* 59 F.3d 530, 533 (5th Cir. 2995). Thus, Petitioner is not entitled to relief.

## III. CONCLUSION

For the reasons discussed herein, the petition of Petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is denied.

**SO ORDERED** on this 3rd day of October, 2018.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**